# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CAROL L. SCHUITMAN,                                   Case No. 1:20-cv-

    Plaintiff,                                       Honorable

v.

SPARTANNASH COMPANY
d/b/a SPARTAN STORES, INC.

    Defendant.
_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-mail: sdrew@dca-lawyers.com
E-mail: asturdivant@dca-lawyers.com

_____/


## COMPLAINT AND JURY DEMAND

    Plaintiff, Carol L. Schuitman, by and through her attorneys, DREW, COOPER & ANDING, states as follows:

## JURISDICTION

1. This action arises pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq*., the Civil Rights Act of 1991, and 42 U.S.C. § 1988. Jurisdiction is specifically conferred on this Court by the above statutory provisions.

2. The jurisdiction of the Court is further invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §1343; and 28 U.S.C. §1367 (supplemental jurisdiction).

3. The unlawful employment practices alleged below were committed within the Western District of the State of Michigan. Venue is proper pursuant to 28 U.S.C. § 1391.

4. The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right to Sue regarding the claims based on the laws listed above. A copy is attached as Exhibit 1. Equitable and other relief are also sought under the statutory provisions identified above.

## PARTIES

5. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

6. Plaintiff, Carol L. Schuitman, is a female and a citizen of the United States and the State of Michigan, and resides in the City of Comstock Park, County of Kent, which is within the territorial limits of the United States District Court for the Western District of Michigan.

7. Plaintiff, Carol L. Schuitman, was at all relevant times an employee of Defendant SpartanNash Company d/b/a Spartan Stores, Inc.

8. Defendant SpartanNash Company d/b/a Spartan Stores, Inc. (hereinafter "Defendant SpartanNash") is a duly licensed corporation qualified to do business in Michigan and was

       at all relevant times conducting business within the City of Byron Center, County of Kent, which is within the territorial limits of the United States District Court of the Western District of Michigan.

9. Defendant SpartanNash was at all relevant times the employer of Plaintiff Carol L. Schuitman.

## STATEMENT OF FACTS, CLAIMS, AND VIOLATIONS

10. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

11. Headquartered in Byron Center, Michigan, Defendant SpartanNash is a Fortune 400 company and the sixth largest food distributor in the United States. SpartanNash operates more than 155 corporate-owned retail stores in nine states, 11 wholesale distribution centers, 7 military distribution centers, and distributes to over 2,000 independent grocery retailers throughout the country.

12. Around March 2010, Plaintiff Carol Schuitman was hired by Defendant SpartanNash as a truck driver for the Grand Rapids, Michigan distribution center.

13. During Plaintiff's employment with Defendant, she was disciplined, suspended, and discharged in a discriminatory manner on the basis of her gender/sex as compared to similarly situated male truck drivers.

14. To the best of Plaintiff's knowledge, she was the only full-time female truck driver employed by SpartanNash among the approximately 150 truck drivers employed by SpartanNash during her employment.

15. In September 2017, Plaintiff began making complaints to Defendant that she was not being given the proper tools to perform the essential functions of her job. Power-equipped jacks

were to be supplied to the truck drivers to assist with the safe unloading of product off the truck trailers.

16. However, these necessary power jacks were not being provided to Plaintiff, and she would frequently have to ask SpartanNash management for these tools. When she would inquire about the whereabouts of the jacks, the male employees would tell Plaintiff that there weren't any power jacks left and that they couldn't do anything about it.

17. The power jacks were essential to removing skids that often weighed approximately 2,000 pounds.

18. When Plaintiff was forced to remove the pallets from the trailer without the proper tools, she would be mocked and ridiculed by the male workers. The ridicule included comments about Plaintiff not being strong enough as a woman.

19. Oftentimes while at work, Plaintiff would be sexually harassed by male co-workers. The harassment including "come-ons" and coarse and inappropriate language.

20. The harassment of Plaintiff was often done within earshot of management-level employees, but the harassment was never stopped.

21. During Plaintiff's employment with Defendant SpartanNash, she was also told by a male manager that SpartanNash should not have hired her, as he was against hiring a female truck driver.

22. The unfavorable and discriminatory treatment spilled over into how Plaintiff was treated with respect to discipline and when she filed grievances with Defendant SpartanNash's union.

23. The union steward was a male truck driver for SpartanNash, and he did not fight for Plaintiff's rights the same way he did for male truck drivers when they filed grievances.

24. During Plaintiff's employment, she was subjected to different terms and conditions of employment compared to similarly situated male truck drivers concerning Defendant's policies and procedures for issuing reprimands and discipline that ultimately lead to termination under Defendant's progressive discipline process.

25. On or about July 25, 2017, Defendant alleged that Plaintiff failed to take 10 hours rest prior to the start time of her next work shift. The alleged timing error was unintentional and was in part caused by computer error. Defendant reprimanded Plaintiff by issuing a Major Warning Notice, alleging Plaintiff had violated the Compliance Safety & Accountability (CSA) Rules and Regulations.

26. Plaintiff is aware that in similar time entry situations, male drivers would have dispatch correct their time so that they complied with regulations.

27. On or about September 15, 2017, Plaintiff received a citation for allegedly speeding in a school zone. Defendant reprimanded Plaintiff by issuing a Major Warning Notice, alleging Plaintiff had violated the CSA Rules and Regulations.

28. Plaintiff disputed the citation in court, and the ticket was reduced to a non-moving violation. Because of the reduction of the severity of the offense, no CSA points were issued. Nonetheless, Defendant still reprimanded Plaintiff by issuing her with another Major Warning Notice, even though there was no CSA violation.

29. On or about November 2, 2017, Plaintiff received a State of Michigan citation for allegedly following too close behind another vehicle. Once again, Defendant reprimanded Plaintiff by issuing a Major Warning Notice, alleging Plaintiff had violated the CSA Rules and Regulations.

30. Plaintiff also disputed this citation in court. The ticket was reduced to a non-moving violation with no CSA points being issued. Once again, Defendant still reprimanded Plaintiff by issuing a Major Warning Notice, even though no CSA violation was issued.

31. Unlike Plaintiff, other similarly situated male truck drivers have successfully disputed Major Warning Notices by having an offense reduced, and thus not being subject to progressive discipline in the same manner as Plaintiff, leading to termination.

32. Because of the accumulation of three Major Warning Notices, on November 3, 2017, Plaintiff was suspended by Defendant.

33. On November 28, 2017, Plaintiff was terminated by Defendant.

34. The suspension and termination of Plaintiff's employment occurred even though the two alleged moving violations were reduced by a court.

35. The disparity and difference in disciplinary treatment with Plaintiff as opposed to the male truck drivers is discriminatory in nature.

36. Plaintiff filed a grievance with Defendant's union on November 30, 2017 requesting: a complete investigation; that the reprimands be stricken from her file; and, that she be made whole, including allowing her to return to work.

37. On December 19, 2017, Defendant provided Plaintiff with a Last Chance Agreement.

38. The Agreement in essence stated Plaintiff could return to work on December 21, 2017 if she agreed that the termination would be reduced to a suspension, the major warnings would remain in her file, and any discipline whatsoever received between December 21, 2017 and December 21, 2019 would result in her immediate termination. In addition, the Agreement stated that Plaintiff agrees she was rightfully discharged on November 28, 2017.

39. Plaintiff did not sign the Last Chance Agreement prepared by Defendant.

40. Plaintiff believes that some similarly situated male truck drivers were suspended and not terminated after receiving three major warnings. The male truck drivers were allowed to return to work following their suspensions.

41. Furthermore, Plaintiff believes Defendant had a policy, custom, or practice of reducing major warning reprimands when similarly situated male truck drivers got their tickets reduced to non-moving violations with no CSA points issued.

42. Defendant SpartanNash, through its employees, agents, managers, and/ or assigns, discriminated against Plaintiff on the basis of her gender/sex in the terms and conditions of her employment, including but not limited to Plaintiff receiving reprimands and more significant and severe discipline than similarly situated male truck drivers, and being suspended and terminated in violation of Title VII of the Civil Rights Act of 1964.

43. On February 5, 2018, Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 471-2018-01085) including claims of discrimination based on the different terms and conditions of employment compared to similarly situated male truck drivers, and being disciplined with suspension and discharged on the basis of her gender/sex.

## COUNT I
## DISCRIMINATION (GENDER/SEX)
## TITLE VII - 42 U.S.C. § 2000e *et seq.*

44. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

45. Defendant SpartanNash, through its employees, agents, managers, and/ or assigns, discriminated against Plaintiff on the basis of her gender/sex in the terms and conditions of her employment as described in the preceeding paragraphs, including but not limited to

Plaintiff receiving reprimands and more significant and severe discipline than similarly situated male truck drivers, and being suspended and terminated in violation of Title VII of the Civil Rights Act of 1964.

46. Defendant SpartanNash, through its employees, agents, managers, and/or assigns, participated in the discriminatory and retaliatory actions, activities, and/or practices described above.

## STATE LAW CLAIMS - SUPPLEMENTAL JURISDICTION

### COUNT II
### DISCRIMINATION (GENDER/SEX)
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

47. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

48. The acts described above by Defendant SpartanNash, through its employees, agents, managers and/or assigns, constitute discrimination against Plaintiff on the basis of her gender/sex regarding the terms and conditions of her employment and on that basis were performed intentionally and in a discriminatory manner as compared to other similarly situated male employees, thereby subjecting her to a hostile environment based on her gender/sex which interfered with her employment.

49. By said acts, Defendant has violated Michigan common and/or statutory law, including the Elliott-Larsen Civil Rights Act, M.C.L. §37.2101 *et seq.*; M.S.A. §3.548(101) *et seq.*

50. Defendant's conduct has denied Plaintiff equal protection and civil rights guaranteed by the Constitution and laws of the State of Michigan.

## **DAMAGES**

51. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

52. As a direct and/or proximate result of the actions and inactions by Defendant described above, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, possible loss of earning capacity, and other damages known and unknown.

53. As a direct and/or proximate result of the actions and inactions described above by Defendant, Plaintiff has been deprived of wages, loss of income, earning capacity, and other employment benefits, including, but not limited to, prospective retirement benefits, insurance coverage, holiday and vacation pay, social security insurance, training opportunities, other promotional benefits, other fringe benefits, and, other damages known and unknown, causing Plaintiff to suffer considerable financial distress and hardship.

WHEREFORE, Plaintiff, Carol L. Schuitman, seeks all appropriate damages against Defendant SpartanNash Company d/b/a Spartan Stores, Inc. arising out of law, equity, and fact for each or all of the above counts where applicable and hereby requests that the trier of fact award Plaintiff all applicable damages, including but not limited to compensatory, exemplary, and/or punitive and all other relief arising out of law, equity and fact also including but not limited to:

a. Compensatory damages to Plaintiff against Defendant in the form of lost wages, back pay and front pay, accrued and prospective employee benefits, including but not limited to prospective retirement benefits, insurance coverage, holiday and vacation pay, social security insurance, training opportunities and all promotional and fringe benefits, applicable seniority, raises, and/or other conditions of employment; and, the compensatory damages for mental and emotional distress related to such actions, in an amount the trier of fact, be it judge or jury, deems to be just.

b. Punitive and/or exemplary damages to Plaintiff against Defendant in an amount the trier of fact deems to be just under the circumstances.

c. Such other relief as may be applicable according to statutory and common law, including interest, costs, and attorney fees.

Respectfully submitted,

Dated: January 23, 2020           By: /s/ Carol L. Schuitman
                                  Carol L. Schuitman

Dated: January 24, 2020           By: /s/ Stephen R. Drew
                                  Stephen R. Drew (P24323)
                                  Adam C. Sturdivant (P72285)
                                  DREW, COOPER & ANDING
                                  Attorneys for Plaintiff
                                  80 Ottawa Avenue NW, Suite 200
                                  Grand Rapids, Michigan 49503
                                  Phone: (616) 454-8300
                                  E-mail: sdrew@dca-lawyers.com
                                  E-mail: asturdivant@dca-lawyers.com

## JURY DEMAND

Plaintiff, Carol L. Schuitman, by and through her attorneys, DREW, COOPER, & ANDING, hereby demands a trial by jury on all claims set forth above.

Respectfully submitted,

Dated: January 23, 2020            By: *Carol L. Schuitman* (signature)
                                        Carol L. Schuitman

Dated: January 24, 2020            By:  /s/ Stephen R. Drew
                                        Stephen R. Drew (P24323)
                                        Adam C. Sturdivant (P72285)
                                        DREW, COOPER & ANDING
                                        Attorneys for Plaintiff
                                        80 Ottawa Avenue NW, Suite 200
                                        Grand Rapids, Michigan 49503
                                        Phone: (616) 454-8300
                                        E-mail: sdrew@dca-lawyers.com
                                        E-mail: asturdivant@dca-lawyers.com